IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:26-cv-03799-SKC

JACKSON JOSE DURAN CACERES,

Petitioner,

v.

JUAN BALTAZAR, *et al.*,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Application for Writ of Habeas Corpus (Dkt. 1). Respondents filed a Response to the Application in which they stated that they were "not submitting a brief in opposition to the Petition detailing the facts and circumstances of the case." Dkt. 19, pp.1–2. Before the Court ruled on the Application, Petitioner informed the Court that he had been given a bond hearing. *See* Dkt. 21. As a result, the Court ordered Petitioner to file a Status Report informing the Court if there were any issues left to decide. *Id.*

In his Status Report, Petitioner argues that he raised a claim in his Petition that "his parole should never have been revoked in the first place without a predeprivation hearing" and the fact that he was given a bond redetermination hearing has no effect on that issue. Dkt. 22, pp.3–4. The Court ordered Respondents

to file a Response. Dkt. 26. In their Response, Respondents argue that Petitioner does not have a constitutional right to a pre-deprivation hearing. Dkt. 31, p.3. For the reasons shared below, the Court disagrees, and Petitioner's Application for Writ of Habeas Corpus is GRANTED.

**ANALYSIS**

Petitioner is a citizen of Venezuela who entered the United States on December 23, 2023. Dkt. 1, ¶1. He was detained shortly thereafter and was released on parole under 8 U.S.C. § 1226(a) while pursuing asylum. *Id.* ¶29. At some point, he was taken into ICE custody, where he remains to date. *Id.* ¶30. Petitioner argues his detention without a pre-deprivation hearing violates his due process rights. *Id.* ¶65.

Due process prohibits the federal government from depriving any person, including noncitizens, "of life, liberty, or property, without due process of law." U.S. Const. amend. V. "In considering a due process claim, the Court considers whether there exists a protected liberty interest and whether the procedures provided afford the individual adequate process." *Singh v. Noem*, 824 F. Supp. 3d 1197, 1209 (D.N.M. 2026) (citing *Camuglia v. City of Alburquerque*, 448 F.3d 1214, 1219 (10th Cir. 2006)). Respondents do not dispute that Petitioner is subject to 8 U.S.C. § 1226, which applies to "noncitizens who entered the United States and were thereafter detained in the interior of the country." *Santillan Quiroz v. Mullin*, 180 F.4th 1226. 1237 (10th Cir. 2026). Instead, Respondents argue that Petitioner does not have a due process right

to a pre-deprivation hearing because § 1226 does not provide for one. Dkt. 31, pp.2–3.

It is true as Respondents point out that § 1226(b) provides the "Attorney General at any time may revoke a bond or parole under subsection (a)." But courts in this district and others have found that "[e]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."[1] *Ekenge v. Baltazar*, No. 1:26-cv-00630-SBP, 2026 WL 617341, at *3 (D. Colo. Mar. 5, 2026) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025)) (collecting cases). It should be noted that "non-citizens' liberty interests are not equivalent to those enjoyed by citizens;" however, "that does not negate the Petitioner's liberty interest in not being detained." *Id.* (quoting *Kumar v. Wamsley*, No. 25-cv-1772, 2025 WL 2677089, at *3 (W.D. Wash. 2025)). As such, Respondents' argument that § 1226 does not require a pre-deprivation hearing is unavailing because the Petitioner "enjoys a due process interest in not being re-detained, as he was here." *Id.*

---

[1] Another court in this district found that a relevant regulation provides that parole may be revoked "at any time in the discretion" of a list of certain officials. *See Singh*, 824 F. Supp. 3d at 1212 (citing 8 C.F.R. §§ 236.1(c)(9), 1236.1(c)(9)). The court found that under this regulation, the noncitizen had not been provided the "procedures authorized by Congress" because it was not clear a listed official made the decision to revoke parole. *Id.* at 1211–12.

Because the Court finds Petitioner has a protected liberty interest, it next proceeds to analyze whether the procedures provided afforded the Petitioner adequate process. As an initial matter, Respondents characterize Petitioner's claim as a substantive due process claim, rather than a procedural due process claim. Dkt. 31, pp.3–5. Procedural due process "mandate[s] the procedures that the government must follow before it deprives an individual of certain liberty or property interests." *J.H. ex rel J.P. v. Nation*, 61 F. Supp. 3d 1176, 1206 (D.N.M. 2015) (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)). Substantive due process "protects an entirely different collection of rights: 'fundamental rights and liberties which are deeply rooted in this Nation's history and tradition' and 'implicit in the concept of ordered liberty.'" *Id.* (quoting *Chavez v. Martinez*, 538 U.S. 760. 775 (2003)).

Respondents state: "To be sure, Petitioner contends that due process requires additional *procedures* in the form of a pre-deprivation hearing. But such a hearing would merely serve as a vehicle for making a *substantive* determination about flight risk or dangerousness that Petitioner believes must be made in advance to justify his arrest." Dkt. 31, p.4 (emphasis in original). Respondents are simply describing the function of procedural due process: to protect the deprivation of certain liberty interests by providing adequate process. Accordingly, this Court finds Petitioner has articulated a procedural due process claim and proceeds with an analysis under *Mathews*.

Under *Mathews*, the court weighs the following three factors when evaluating due process claims: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burden that the additional or substitute procedural requirements would entail. 424 U.S. at 335.

With respect to the first factor, "Petitioner's interest in freedom 'is the most elemental of liberty interests.'" *Ekenge*, 2026 WL 617341, at *5 (quoting *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)); *see also Gill v. Baltazar*, No. 26-cv-03171-PAB, 2026 WL 2149415 at *1 (D. Colo. July 27, 2026); *Salas Macias v. Baltazar*, No. 26-cv-04142-NYW, 2026 WL 3148205, at *2 (D. Colo. Oct. 21, 2026). This factor weighs in favor of Petitioner.

Relevant to the second factor is the fact that Petitioner was previously released on parole, which means a substantive determination was already made about Petitioner's flight risk and dangerousness. *See Singh v. Baltazar*, 819 F. Supp. 3d 1247, 1251 (D. Colo. 2026) ("As Petitioner notes, the decision to release Petitioner pursuant to 8 U.S.C. § 1226, means that immigration officials have already determined that Petitioner is neither a flight risk nor a danger to the community."). Given the fact that Petitioner has already been determined to be neither a flight risk nor a danger, the risk of erroneous deprivation is particularly high. *See Ekenge*, 2026

WL 617341, at *5; *see also Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025) ("A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest); *Gill*, 2026 WL 2149415, at *1; *Salas Macias*, 2026 WL 3148205, at *2. And the fact that Petitioner was given a bond hearing after he was arrested does not lower the risk. *Mangue v. Baltasar*, No. 26-cv-04073-NYW, 2026 WL 2880637, at *2 (D. Colo. Sept. 25, 2026) ("Where respondents have provided no change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk, there is a significant risk of erroneous deprivation of petitioner's liberty interest."). A post-hoc bond hearing after the deprivation has occurred does not satisfy due process.[2] This factor weighs in favor of Petitioner.

For the third factor, "the fiscal and administrative burdens associated with evaluating whether a change in circumstances justified [Petitioner's] re-detention is low when compared to his interest in being free from the erroneous deprivation of his liberty." *Id.*; *see also Ekenge*, 2026 WL 617341, at *5. This factor also weighs in favor of Petitioner.

The *Mathews* factors weigh heavily in favor of Petitioner's release. Other courts in this district have concluded that immediate release is the appropriate

---

[2] Notwithstanding that the Court does not find a post hoc bond hearing satisfactory in this circumstance, the immigration judge placed the burden of proof on Petitioner at the bond hearing. *See* Dkt. 22-2. And this Court has found the burden appropriately sits on the government. *See Guevara Garcia v. Bondi*, No. 1:26-cv-01012-SKC, 2026 WL 835766, at *4 (D. Colo. Mar. 26, 2026).

remedy in this circumstance. *Ekenge*, 2026 WL 617341, at *7; *see also Gill*, 2026 WL 2149415, at *2; *Mangue*, 2026 WL 2880637, at *2.

* * *

For the reasons shared above, Petitioner's Application for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.

**IT IS ORDERED:**

1. Petitioner shall be immediately released from detention, with no conditions of release except those imposed by an immigration judge prior to his current detention, if any, including but not limited to GPS ankle monitors.
2. Respondents are ENJOINED from re-arresting or re-detaining Petitioner and SHALL NOT take him into custody without first providing Petitioner notice and a pre-deprivation hearing before a neutral decisionmaker at which Respondents bear the burden to prove by clear and convincing evidence Petitioner is a danger to the community and/or by a preponderance of the evidence that Petitioner is a flight risk such that his physical custody is legally justified.
3. Respondents SHALL FILE a Status Report within 5 days of this Order confirming compliance.
4. Petitioner's Motion to Strike (Dkt. 32) is DENIED as moot.

DATED: November 12, 2026.

BY THE COURT:

S. Kato Crews
United States District Judge